THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
KRESS M. STEIN, Defendant-Appellee.

Second District   No. 2—90—0172

Opinion filed April 12, 1991.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

George J. Bakalis and Stephen J. Culliton, both of Civinelli, Bakalis & Culliton, of Bloomingdale, for appellee.

JUSTICE DUNN delivered the opinion of the court:

The State appeals from an order of the circuit court of Du Page County rescinding the statutory summary suspension of the driver's license of defendant, Kress M. Stein, and an order granting defendant's motion *in limine* to exclude the results of defendant's breathalyzer test from evidence at trial.

On December 7, 1989, defendant was arrested and charged with driving while under the influence of alcohol (DUI) (Ill. Rev. Stat. 1989, ch. 95½, pars. 11–501(a)(1), (a)(2)) and speeding (Ill. Rev. Stat. 1989, ch. 95½, par. 11–601(b)). He was transported to the Elmhurst police station, where he was given a breathalyzer test; the test disclosed that he had a breath-alcohol concentration of .10. He was notified of the statutory summary suspension of his driver's license, and he filed a petition for a hearing seeking rescission of the suspension.

At the hearing, defendant sought to establish that the alcohol test was not performed according to the standards promulgated by the Department of Public Health (the Department). Specifically, he sought to prove that the breathalyzer machine was not properly certified. To this end, certain pages of the breathalyzer logbook were entered into evidence. The November 17, 1989, entry in the logbook states that on that date the machine was tested with a .10 simulator solution and that the machine reading was .09; the inspector certified the machine as accurate. The logbook entry for December 13, 1989, also contains an inspector's certification that the machine was accurate; however, while the entry states that the machine was tested with a .10 simulator solution, it does not mention the actual results of the test run that day. The trial court found that defendant's test was not in compliance with Department regulations because the machine inspector did not enter the certification test results in the log-

book on December 13; defendant's motion to rescind the suspension was granted.

Prior to the trial, defendant filed a motion *in limine* seeking to exclude the breathalyzer results from admission into evidence at the trial. The trial court granted this motion as well. The State filed a certificate of impairment and now appeals from the order granting the petition to rescind and the order granting the motion *in limine*. We reverse and remand.

The State initially contends that the trial court erred in rescinding defendant's summary suspension based on the inspector's failure to record the results of the subsequent certification test. We agree.

Section 11—501.2 of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.2) provides that the results of a breath- or blood-alcohol test will not be admissible at trial, or any other proceeding arising out of an arrest for DUI, unless the test was performed according to standards promulgated by the Department of Public Health. As relevant here, the Department regulations state:

> "[A breath analysis] instrument must be accurate within ± 0.01% W/V to be certified. To determine accuracy of instruments, an inspector shall perform two (2) analyses on a certified controlled reference sample at least once a month at intervals not to exceed 45 days. The inspector shall record test results of his certification in the instrument log book. The original certification tests results will be retained by the inspector." 77 Ill. Adm. Code §510.100(a) (1985).

■ The breathalyzer in question had been inspected and certified as accurate on November 17; there was no evidence or argument that that certification was not in accord with the regulations. Defendant's test was performed on December 7, well within the 45-day certification period. There was no evidence or argument that improper procedures were employed by the testing officer at the time of defendant's test. The burden of proof at the summary suspension hearing was on defendant (*People v. Orth* (1988), 124 Ill. 2d 326, 337-38), and defendant presented no evidence that his test was not performed in accordance with the Department regulations.

■ The evidence of noncompliance with the regulations relates exclusively to the breathalyzer inspector's failure to "record test results of his [December 13] certification in the instrument log book." Even assuming that failure to record the certification test results constitutes a failure to perform the certification test "according to standards," this subsequent failure to comply will not trans-

form an earlier test that was performed according to Department standards into one which was not.

■ We admit, however, that the results of a subsequent certification test might be relevant to the issue of the breathalyzer's accuracy at the time defendant was tested. At a suspension hearing, the petitioner may establish a *prima facie* case for rescission, on grounds of the test's unreliability, by presenting evidence of any circumstances which would tend to cast doubt on the test's accuracy. (*Orth,* 124 Ill. 2d at 341.) *Prima facie* evidence is that evidence sufficient to establish a fact and which, if unrebutted, will remain sufficient. (*People v. Sanders* (1987), 155 Ill. App. 3d 759, 764.) The question, then, is whether the inspector's failure to enter the results of the December 13 certification test in the logbook is sufficient to establish the unreliability of the December 7 test. We do not believe that it is.

■ The inspector's failure to comply with the regulations and enter the certification test results in the logbook was merely procedural or administrative and did not have a substantial effect on the test itself. Additionally, the December 13 entry in the logbook bears the inspector's certification. It states, "I hereby certify that the Breath Testing Instrument bearing serial number 20399 is accurate and precise to within limits as prescribed by the Rules and Regulations promulgated by the Illinois Department of Health." The certification is signed and dated. Even if the failure to enter the results was sufficient to support an inference that the machine was unreliable on December 13, evidence of the inspector's certification would rebut that inference. If the evidence of the December 13 noncompliance is insufficient to establish the unreliability of the December 13 test, it is certainly insufficient to establish the unreliability of defendant's December 7 test.

We conclude that the trial court's decision to rescind defendant's summary suspension was against the manifest weight of the evidence and must be reversed.

■ The State also challenges the trial court's ruling on defendant's motion *in limine.* Defendant's motion sought to exclude the breathalyzer results from trial on the same ground asserted at the rescission hearing, that is, that the test was not performed in accordance with the regulations, and the trial court granted the motion on that ground. As set forth above, however, there was no evidence of noncompliance presented at the rescission hearing, and defendant has made no new allegations of noncompliance in the motion. We conclude, therefore, that the trial court erred in granting defendant's motion *in limine* on that ground.

The orders of the circuit court rescinding defendant's statutory summary suspension and granting defendant's motion *in limine* are reversed. The cause is remanded for the reinstatement of the suspension and for trial.

Reversed and remanded.

REINHARD, P.J., and UNVERZAGT, J., concur.