FOURTH DIVISION
FILED: March 15, 2007

No. 1-05-3336

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. TA 896 708 |
| | ) | |
| WILLIAM CLAUDIO, | ) | Honorable Rhoda D. Sweeney, |
| | ) | Judge Presiding. |
| Defendant-Appellee. | ) | |

JUSTICE MURPHY delivered the opinion of the court:

The State of Illinois appeals from an order entered by the circuit court of Cook County granting defendant William Claudio's motion to suppress his breath test results. On appeal, the State contends that the test results were admissible because the police officer's failure to record defendant's test in the log book was merely a procedural and ministerial omission.

On February 15, 2003, defendant was stopped by Chicago police for failing to obey a stop sign. He was then charged with several traffic violations, including the illegal transportation of alcohol and two counts of driving under the influence.

Defendant subsequently filed a motion *in limine* to suppress the results of his alleged breath test. Therein, defendant argued that, according to the rules of the Illinois State Police, the officer conducting the breath test was required to enter defendant's name and test information in the log book that is kept with the breath test machine. Defendant argued that because the officer failed to enter the required information into the log book, the State was barred from introducing the results of his alleged breath test into evidence.

At a hearing on the motion, defendant argued that in People v. Orth, 124 Ill. 2d 326 (1988), the Illinois Supreme Court listed five elements that must be met to lay a proper

foundation for admitting the results of a breath test. The first element requires that the test was performed in accordance with the uniform standards adopted by the Illinois State Police. Defendant argued that the language in the police standards mandated that the subject test records "must be maintained" in a log book, unless an exception applied that was not relevant in this case.

The State acknowledged that the log book did not contain an entry for defendant's breath test, but argued that the test results were still admissible. The State relied on the holding in People v. Stein, 212 Ill. App. 3d 164 (1991), where the court found that the failure to enter the machine's accuracy test records into the log book was merely procedural or administrative and did not have a substantial effect on the test itself; therefore, the results of the defendant's breath test were admissible. The State also argued that the police officer's failure to record defendant's test in the log book went to the weight of the evidence, not its admissibility. In addition, the State argued that there was other evidence that indicated the date and time of defendant's breath test in the form of a paper ticket that was produced by the breath test machine at the time of defendant's test.

The trial court reviewed the case law, found that the issue raised had never been previously addressed, and granted defendant's motion to bar entry of the breath test results. The court remarked that according to the log book, defendant was a "nonentity." It then found that defendant would be at a disadvantage of not knowing the exact time of his test and having that safeguard in place. The court further stated that the test records and log books existed for a reason, and that allowing the test results to be admitted where they were not entered in the log book would deprive defendant of a fair trial. The State subsequently filed a certificate of impairment and a timely notice of appeal pursuant to Supreme Court Rule 604(a)(1) (210 Ill.2d R. 604(a)(1)).

On appeal, the State contends that the trial court erred when it suppressed defendant's breath test results, because the administering officer's failure to record those results in the

machine's log book was merely a procedural and ministerial omission that was not fatal to the admissibility of the evidence. The State further argues that the trial court's reasoning that defendant was disadvantaged by the omission was flawed because the exact date and time of the test were recorded on the breath ticket that was given to defendant. The State maintains that the police officer's failure to record the test in the log book goes only to the weight of the evidence, not its admissibility, and that all of the information that should have been recorded in the log could have been established by other means, such as the test result ticket and the officer's testimony.

In general, a trial court's decision to grant a motion *in limine* will not be reversed on appeal absent an abuse of discretion; however, where, as here, the issue on appeal involves only a question of law, our review is *de novo*. People v. Larsen, 323 Ill. App. 3d 1022, 1026 (2001). Pursuant to section 11-501.2 of the Illinois Vehicle Code (the Code) (625 ILCS 5/11-501.2 (West 2002)), the results of defendant's breath test will be considered valid only where such test was performed in accordance with the standards promulgated by the Department of State Police. Stein, 212 Ill. App. 3d at 166.

Our supreme court has held that in order to admit the results of a breath test into evidence, the State must lay a foundation consisting of the following five factors: (1) evidence that the test was performed in accordance with the uniform standard adopted by the Illinois Department of State Police;[*] (2) evidence that the operator conducting the test was certified by the Department of State Police; (3) evidence that the breath test machine used for the test was a model approved by the Department of State Police, was working properly, and was tested regularly for accuracy; (4) evidence that defendant was observed for 20 minutes prior to the test, and during that time, he did not smoke, drink or regurgitate; and (5) evidence that the results on

_____

[*]Pursuant to Public Act 91-828 (Pub. Act 91-828, §5, eff. January 1, 2001), reference to the "Department of Public Health" was replaced by the "Department of State Police." See 625 ILCS 5/11-501.2(a) (West 2002).

the "printout" sheet are properly identified as defendant's test results. <u>Orth</u>, 124 Ill. 2d at 340; <u>Larsen</u>, 323 Ill. App. 3d at 1027. In laying a proper foundation, neither the Code nor the supreme court's holding in <u>Orth</u> requires proof of compliance with every regulation or section of the Illinois Administrative Code that pertains to breath testing. <u>People v. Caruso</u>, 201 Ill. App. 3d 930, 938-39 (1990).

In <u>Caruso</u>, the court determined that the first factor listed in <u>Orth</u> requires proof that the breath test was performed in accordance with the operational procedure approved by the Department of State Police and based upon the manufacturer's recommended testing procedure. <u>Caruso</u>, 201 Ill. App. 3d at 939-40. Subsequently, that court determined that failure to comply with the records maintenance regulation, which required an inspector to enter the test results certifying the accuracy of the machine into the log book, was merely an administrative or procedural task that did not have a substantial effect on the defendant's breath test. <u>Stein</u>, 212 Ill. App. 3d at 167. Following <u>Stein</u>, the court in <u>People v. Barwig</u>, 334 Ill. App. 3d 738, 745 (2002), found that a police officer's failure to enter the results of the defendant's breath test into the log book did not establish that the test was not performed according to the regulations.

We note that defendant argues that <u>Stein</u> and <u>Barwig</u> are inapposite to the case at bar as those cases involved the defendants' petitions to rescind the statutory summary suspensions of their driver's licenses. Defendant asserts that, because the burden in the instant case is on the State rather than on him, <u>Stein</u> and <u>Barwig</u> do not apply. We disagree. As the State noted in its reply brief, regardless of whether the proceeding is a civil statutory summary suspension hearing or a criminal trial, the evidentiary foundation for admitting the results of defendant's breath test remains the same. See <u>Orth</u>, 124 Ill. 2d at 338-40.

In this case, we agree with the holdings of <u>Caruso</u>, <u>Stein</u> and <u>Barwig</u> and find that the first foundational requirement under <u>Orth</u> addresses the actual performance of the breath test, which does not include the subsequent administrative task of entering the test results into the log book. The language contained in the Code and in <u>Orth</u> specifically requires that the breath tests were

"performed" according to the standards.  At the time of defendant's arrest, the standards for conducting a breath test appeared in sections 1286.310 and 1286.350 of the Illinois Administrative Code.  20 Ill. Adm. Code §§1286.310, 1286.350 (Conway-Greene CD-ROM 2001).  These sections were listed under subpart D, which was entitled "Sampling Procedures," and detailed the operational procedures police officers were required to follow when administering breath tests to persons suspected of driving under the influence of alcohol.

The regulation requiring that the test results be recorded in a log book appeared under section 1286.70, which addressed maintenance of records for the breath test machine.  20 Ill. Adm. Code §1286.70 (Conway-Greene CD-ROM 2001).  This section was listed under subpart A, entitled "General Provisions," which also included sections on general subjects such as definitions, grievances and Department notifications.  Based on the language used in the Code and by our supreme court, in addition to the language, structure and placement of the regulations in the Illinois Administrative Code, we find that the regulation requiring entry of defendant's breath test results in the log book was administrative in nature and separate from the required standards for performing a breath test.  Accordingly, the police officer's failure to record defendant's breath test results in the log book was not fatal to the admissibility of that evidence, and defendant's motion *in limine* to suppress those results should have been denied.

For these reasons, we reverse the order of the circuit court of Cook County and remand this case to that court for further proceedings.

Reversed and remanded.

CAMPBELL, J., and NEVILLE, J., concur.